981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tomas T. LOPEZ, Petitioner-Appellant
v.
William BUNNELL, et al., Respondent-Appellee
 No. 89-55962.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Dec. 7, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Tomas Lopez brings this pro se petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging his conviction for first degree murder and robbery. Lopez was sentenced to a prison term of 27 years to life. We affirm the district court's denial of the petition.
 
 
 3
 A jury convicted Lopez and an associate of the 1983 murder and robbery of Los Angeles bar owner George Borjas. A state appeals court and the California Supreme Court have previously denied Lopez' habeas claims. Lopez first challenges the legality of an in-field, near-contemporaneous identification by several witnesses to the crime on the grounds that he was not represented by counsel. Petitioner next claims his confession to police was involuntary and thus violative of the fifth amendment.[1] Lopez also claims he was denied meaningful appellate review because the state trial court improperly found him competent to stand trial and denied several trial motions without adequate explanation.
 
 
 4
 The panel reviews de novo the district court's denial of the habeas petition. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc). The state court's factual findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc). In denying the petition, the district court adopted the findings of the magistrate; the panel substantially relies on the findings by the district court in reaching its decision to affirm.
 
 
 5
 Police stopped petitioner and a companion at about 1:30 a.m. as they were driving in Lopez' pickup truck. Officers on routine patrol had observed the truck ignore two stop signs and run a red light. At this time the police were not aware of the bar shooting, which had just occurred. While the police were detaining appellant for his vehicular offense, they received the radio call about a homicide in the vicinity. Lopez and his companion fit the descriptions which came in over the radio.
 
 
 6
 The officers radioed that they had two suspects and were told to hold the suspects there until several witness from the crime scene could be transported for an in-field identification. The witnesses identified Lopez at that time and testified at trial to this. At this point, petitioner had not been arrested, and thus he did not have a right to be represented by counsel. United States v. Wade, 388 U.S. 218 (1966).
 
 
 7
 Appellant also contends that the identification violated the fifth amendment because it was not preceded by a Miranda warning and because it was impermissibly suggestive. Miranda warnings are required prior to questioning by law enforcement officials only after a suspect has been taken into custody, Miranda v. Arizona, 384 U.S. 436, 444 (1965); here, the in-field identification did not constitute such custodial interrogation. As to the legality of the in-field identification itself, the record is devoid of evidence to support a finding that it was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law." Stovall v. Denno, 388 U.S. 293 (1967).
 
 
 8
 Lopez next claims that his confession[2] was involuntary. Petitioner was taken into custody shortly after the in-field identification and was interrogated by police detectives several hours later (around 8:00 a.m.). Lopez objects to the confession on the grounds that he could not speak English, was not read his Miranda rights, and was severely intoxicated.
 
 
 9
 While it is true that Lopez was monolingual Spanish at the time of the crime, it is for this reason that he was interrogated by a Spanish-speaking detective, Rudy Lemos. Detective Lemos testified at trial that he conducted the interview in Spanish, that he then wrote out the confession in English, and that he then read the confession to defendant in Spanish. Lemos also testified that he read defendant his Miranda rights.[3] Finally, Lopez' contention that the confession is invalid because he was intoxicated at the time it was made is unsupported by the record. Although Lemos testified that he smelled liquor on defendant's breath, he also testified that the defendant was sober enough to know what had happened and to relay that knowledge to the detective.[4]
 
 
 10
 Defendant next claims the state trial court improperly found him competent to stand trial. The state appeals court found that the trial court had proper grounds to find the defendant competent. Although the two psychiatric evaluations of defendant reached contrary conclusions on his competency, the trial court adopted the more recent evaluation (one month before trial) of the defendant, which concluded that he was competent to stand trial.
 
 
 11
 Finally, appellant presents a cluster of arguments which boil down to one: that he was denied meaningful appellate review because the trial court failed to adequately explain its denial of motions to suppress evidence, to exclude photographs, and for a mistrial. As an initial matter, Lopez received meaningful appellate review. The record reveals that the state appeals court thoroughly considered each of these defense motions. Furthermore, because the criminal proceeding was fully recorded, the appellate court had a complete record from which to determine whether the trial court's rulings were supported by the evidence.[5]
 
 
 12
 Petitioner's claim for a writ of habeas court was properly denied.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant also claims that he was denied effective assistance of counsel because his trial counsel did not object to either the infield identification or the confession. Since we find that the identification and confession were valid, appellant cannot show that such motions would have affected the trial's outcome and therefore cannot meet his burden for a sixth amendment claim. Strickland v. Washington, 466 U.S. 668, 687 (1984)
 
 
 [2]
 According to trial testimony by the interrogating officer, Lopez testified that he and his associate had intended to rob, but not to kill, the murder victim; Lopez said he believed the safety clip was on when he fired the rifle to scare the victim
 
 
 [3]
 Defense counsel cross-examined Lemos. The defense did not call any witnesses at trial
 
 
 [4]
 Further, the record shows there was at least a seven-hour lapse between when defendant had had his last alcoholic drink and when he was interrogated
 
 
 [5]
 Appellant cites several cases in support of his claim here, but they all are distinguishable in that they involved state administrative agency proceedings and rulings, not state criminal trials